**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **KAAMAR T. EASON,**<br>**as Personal Representative of the Estate of**<br>**KAAMILYA T. FINLEY**<br>**14 Meadowwood Est**<br>**Scott Depot, WV 25560** | |
| **PLAINTIFF,** | **CASE NO.:** 2025-CAB-008160 |
| **v.** | **JURY TRIAL DEMAND** |
| **ANTWAIN D. FEGANS**<br>**865 21st St NE Apt 3**<br>**Washington, DC 20002-4134** | |
| **and** | |
| **TRUGREEN LIMITED PARTNERSHIP**<br>**1790 Kirby Pkwy., Suite 300**<br>**Memphis, Tennessee 38138** | |
| **SERVE:**<br>**Registered Agent**<br>**C T Corporation System**<br>**1015 15th St NW #1000**<br>**Washington, DC 20005** | |
| **DEFENDANTS.** | |

**COMPLAINT**

Plaintiff Kaamar T. Eason, as Personal Representative of the Estate of Kaamilya T. Finley, by and through counsel, David E. Haynes and The Cochran Firm, hereby files this Complaint against Defendants Antwain D. Fegans, TruGreen Limited Partnership, and in support thereof states as follows:

**PARTIES**

1. Plaintiff Kaamar T. Eason is of full age, is a citizen of the United States, a resident of West Virginia, and the surviving adult son of decedent Kaamilya T. Finley. Mr. Eason was appointed the Personal Representative of Ms. Finley's Estate pursuant to an Order for Small Estate issued by the Superior Court of the District of Columbia (Probate Division), Estate Number 2025-ADM-000799, effective on August 19, 2025.

2. Plaintiff Kaamar Eason brings this action on behalf of the Estate of Kaamilya Finley and her statutory beneficiary pursuant to D.C. Code § 12–101 *et seq.* and D.C. Code § 16–2701 *et seq.*

3. At all times relevant, Ms. Finley was a resident of the District of Columbia. At the time of the incident, Ms. Finley was traveling on a LIME scooter on a crosswalk when she was struck in Washington, D.C. Ms. Finley then proceeded to have over two years of incident-related care, before ultimately passing away from her incident-related injuries in Washington, D.C. on July 5, 2025. Ms. Finley is survived by her adult son, Kaamar Eason, and her minor 16-year-old son, J.D.

4. At the time of the incident, Defendant Fegans was operating a motor vehicle for his employer/agent, Defendants TruGreen Limited Partnership in Washington, D.C.

5. At all times relevant, Defendants TruGreen Limited Partnership and owned and/or controlled the motor vehicle Defendant Fegans was operating.

6. At all times relevant, Defendant Antwain D. Fegans ("Defendant Fegans") was a resident of Washington, D.C.

7. At all relevant times, Defendants TruGreen Limited Partnership and ("Defendant TruGreen"), a Delaware corporation with its headquarters and principal place of business in the State of Tennessee, has regularly engaged in business in the District of Columbia by operating the

nation's leading lawn care company, serving over 2.3 million residential and commercial customers across North America, with a workforce of approximately 15,000 associates across 270 branches in the United States and Canada.

## JURISDICTION AND VENUE

8. Personal jurisdiction, subject matter jurisdiction, and venue are all proper before this Honorable Court as follows.

9. This court has jurisdiction over this matter pursuant to D.C. Code § 11-921 et seq., the Survival Act, D.C. Code § 12-101 et seq. and the Wrongful Death Act, D.C. Code § 16-2701 et seq.

10. Jurisdiction is founded on D.C. Code § 11-921 as the events and damages set forth herein occurred in the District of Columbia.

11. This Court has personal jurisdiction over the Defendants pursuant to D.C. Code §13-423 as the tortious act was committed within the District of Columbia and the Defendants were at all times relevant actively engaged in, conducted business in, maintained business offices in and actively solicited business in the District of Columbia.

## STATEMENT OF FACTS

12. On December 12, 2022, Ms. Kaamilya Finley, was a pedestrian, operating an electric LIME Scooter westbound on the sidewalk adjacent to Benning Road, N.E. in Washington, D.C.

13. At the same time and place, Defendant Fegans was operating a TruGreen truck, traveling in the westbound lanes of Benning Road, N.E. in Washington, D.C., approaching 19th Street NE.

14. At all times relevant, Defendant Fegans was operating this vehicle within the course and scope of his employment and/or agency relationship with Defendants TruGreen Limited Partnership.

15. Defendant Fegans encountered a red light at the intersection of Benning Road and 19th Street N.E., and stopped at the light in the westbound lanes.

16. Defendant Fegans stopped his TruGreen truck well past the “stop” bar at the light in violation of D.C. traffic laws, and in front of the line of traffic to his left, an indication of his rush to get to this destination.

17. As Defendant Fegans sat idle at the red light, Ms. Finley continued traveling westbound on the sidewalk adjacent to Benning Road and approaching the crosswalk on 19th Street N.E. The crosswalk Ms. Finley was approaching had its own pedestrian walk signal light which changed with the light cycle.

18. As Ms. Finley approached the crosswalk from the sidewalk on her LIME scooter, the pedestrian signal turned to walk, and she proceeded into the crosswalk.

19. At the same time as the pedestrian walk signal turned, Defendant Fegans’ red light turned into a solid green, with no green turn arrow.

20. When the light changed, Defendant Fegans quickly accelerated, causing the recycling truck to jump up in the air slightly, and hurriedly began to execute a right-hand turn onto 19th Street.

21. Fegan did not yield to Ms. Finley, who was already legally established in the crosswalk with the right-of-way and the walk signal was on.

22. Defendant Fegans executed his right-hand turn from a position past the “stop” bar, and at an extremely high acceleration speed, without looking for pedestrians with the right of way.

23. Defendant Fegans accelerated much faster than the previously stopped car in the lane next to him.

24. Suddenly and without yielding to pedestrians in the crosswalk, including Ms. Finley, Mr. Fegans made his right-hand turn, striking the Plaintiff, who was traveling with the right of way in the crosswalk.

25. Defendant Fegans struck the Plaintiff with the front right passenger side of his truck while she was within the crosswalk.

26. Fegans knocked Finley forward by hitting her with the grill of his truck, knocking her down into the roadway.

27. He failed to realize that he had struck her and failed to realize that she was now on the ground directly in front of his vehicle.

28. Defendant Fegans continued to accelerate unreasonably quickly and struck Ms. Finley again, running over her with his front tires.

29. He still did not realize that he had run over her and continued to drive forward now running over Plaintiff Ms. Finley with his back wheels, running over her torso, midsection and pelvis with the full weight of the truck.

30. Fegans struck Finley three separate times during the incident.

31. Defendant Fegans did not notice, slow down, or stop until the third strike likely hearing her pelvic bones shatter.

32. Fegans' negligent and unsafe driving resulted in his vehicle striking, pushing forward and dragging Ms. Finley several feet out of the crosswalk and further into 19th Street, N.E., before finally stopping.

33. The incident was captured on two video cameras from separate angles.

34. When Mr. Fegans finally noticed that he had run over and dragged Ms. Finley, he stopped his vehicle and got out to speak with her.

35. Egregiously, after a few moments, Mr. Fegans told her "she was OK" and tried to drag her to the side of the road, ignoring the horrific injuries she had suffered.

36. Finley was unable to move at all and lay in the middle of the road in shock, having suffered horrific and life-threatening injuries.

**KAAMILYA FINLEY'S INJURIES AND DEATH**

37. As a direct and proximate result of Mr. Fegans' driving, Ms. Finley's incident-related injuries include, but are not limited to, (1) a displaced comminuted fracture left inferior pubic ramus, (2) a displaced comminuted fracture of junction of the left superior pubic ramus and acetabulum, (3) Diastases fractures of pubis symphysis, (4) Bilateral displaced comminuted fractures of the sacral alar (5) multiple rib fractures, (6) displaced lumbar transverse process fractures (right L1, L2, L3, L4, L5 transverse processes and left L2, L3, L4, L5 transverse processes, (7) a lung injury with pneumothorax requiring chest tube and tracheostomy, (8) splenic laceration, (9) DVT and pulmonary embolus, (10) a right acute parieto-occipital and thalamic hypo attenuation of the brain (11) widening of the left sacroiliac joint requiring surgery, (12) a kidney injury with bilateral hydronephrosis, (13) a right acute parieto-occipital and thalamic hypo attenuation of the brain, (14) a vaginal laceration, (15) bowel and bladder dysfunction, (16) multiple hernias, (17) a Morel Lavallee lesion of the right thigh, (18) a jejunal injury, (19) PTSD, anxiety and depressive symptoms, and (20) an injury to the left internal iliac artery requiring embolization.

38. After the collision, Ms. Finley was emergently transported to Howard Hospital, where she spent months recovering from her extreme pelvic fractures and other injuries before

being transferred again for months of inpatient intensive care at Bridgepoint Skilled Nursing Facility.

39. In the over two years following the collision until her death, Ms. Finley has had subsequent hospital stays totaling over one hundred days, over one hundred rehabilitation/PT sessions, over twenty surgical/invasive procedures, and over two hundred physician/practitioner visits due to complications and ongoing needs.

40. Ms. Finley's incident-related medical bills total over $3,000,000, and her intensive pain and suffering during this almost two-and-a-half-year period of various hospital stays and surgeries cannot be overstated.

41. Since the day she was run over due to Defendant Fegans and Defendant TruGreen's negligence, Ms. Finley was prescribed a litany of painkiller medications to attempt to control her pain, including Percocet, Oxycodone, Fentanyl, Gabapentin, and Morphine.

42. Ms. Finley's severe and persistent pain led her to an escalating use of opioids and other medications, which led to her reliance on pain medications in order to function daily.

43. Ms. Finley complained of chronic pain in her pelvis and lower extremities in the months and days leading up to her death as she was still receiving treatment and had surgeries scheduled and rescheduled on these body parts, including a hernia repair surgery, which was necessary prior to a very complex hernia repair and abdominal wall reconstruction, that was delayed due to renal failure, which was also a resultant injury.

44. This complex surgery was ultimately done in Charlotte, NC, as no specialists in the D.C. metro area could do it.

45. Focusing on the two months before her death, Ms. Finley was prescribed a number of opioids, including, 5 mg oxycodone on May 16, 2025 and June 3, 2025 to be taken every four

hours as needed, a 10mg oxycodone on June 11, 2025 to be taken every four hours as needed, a 25 mcg/hour fentanyl patch on June 3, 2025, 500 mg methocarbamol on June 11, 2025 to be taken three times a day, and 100 mg gabapentin to be taken three times a day on June 30, 2025.

46. Her medical providers expressed concerns about her opioid dependence, including a May 2025 note from Medstar Washington Hospital, which read, "Patient's pain management plan includes high-dose opioids. Provider notes risk of respiratory depression and recommends close monitoring."

47. Ultimately, Ms. Finley's attempts to find relief from her pain proved too much for her body to handle, and on July 5, 2025, Ms. Finley died in her sleep due to a fatal combination of fentanyl, oxycodone, and their metabolites, which she was taking to alleviate the constant, chronic, and severe pain she suffered from her incident-related injuries.

48. As a direct and proximate result of the negligence of Defendant Fegans and Trugreen, Ms. Finley suffered catastrophic injuries, including prolonged conscious pain and suffering, massive pain which required pain medication and she ultimately died from these injuries, leaving behind both her adult son and her minor son.

49. As a direct and proximate result of the negligence of Defendants Fegans and TruGreen, Ms. Finley's accidental pain medication overdose, which caused her tragic death almost three years later, on July 5, 2025, was directly and proximately related to the horrific and extreme incident-related injuries she suffered and from the resultant medical treatment and intolerable pain.

50. Prior to this horrific vehicular strike, Ms. Finley was in good health, and she enjoyed a life free of physical pain and discomfort.

51. The aforementioned collision and resultant injuries, including Ms. Finley's tragic death, occurred as the direct and proximate result of the negligent conduct of the Defendants.

52. At all times relevant hereto, Plaintiff Ms. Finley was a vulnerable user on her motorized scooter per D.C. Code § 50-2204.51-52 and was free of any negligence as to the cause of the accident and/or the injuries sustained, and did not assume the risk of injury.

**COUNT I – NEGLIGENCE**
**(Fegans)**

53. Plaintiffs hereby incorporate and reallege the allegations in all paragraphs above as if fully set forth in their entirety.

54. This collision was caused by Defendant Fegans' negligence while operating a TruGreen truck.

55. Defendant Fegans had a duty of care to Ms. Finley and other pedestrians on sidewalks, crosswalks, and the roadway to operate his (Defendant TruGreen's) motor vehicle in a safe, prudent, and reasonable manner.

56. Defendant Fegans also had a duty to yield the right of way and to ensure that he could completely clear the intersection without obstructing the passage of pedestrians before entering the intersection marked with a crosswalk and a walk signal controlling it.

57. Defendant Fegans was negligent and breached his duties of care and violated the D.C. Code and DCMR by:

a) Failing to safely operate the vehicle under control and at a reasonable rate of speed;

b) Failing to keep a proper lookout for individuals on electric scooters;

c) Failing to pay full-time and attention;

d) Failing to avoid striking individuals on electric scooters;

e) Failing to obey traffic laws;

f) Failing to reduce speed to avoid a collision;

g) Failing to yield to oncoming traffic;

h) Failing to operate his vehicle at a reasonable and safe speed to prevent injury to others;

i) Failing to maintain control of his vehicle at all times;

j) Failing to operate his vehicle in accordance with the DC Rules of the Road;

k) Failing to generally operate his vehicle in a safe, reasonable, and prudent manner.

58. The negligent actions of Defendant Fegans described above were a direct and proximate cause of the subject collision and the Plaintiff's horrific injuries and later her death, including the damages described above and pled below.

**COUNT II**
**Negligence – Respondeat Superior/Agency**
**(TruGreen)**

59. Plaintiffs hereby incorporate and reallege the allegations in all paragraphs above as if fully set forth in their entirety.

60. At all times relevant, Defendant Fegans was employed by Defendants TruGreen Limited Partnership, and was acting as its employee, agent, and/or servant.

61. At all times relevant, Defendant Fegans, an employee, agent, and/or servant was acting within the scope of his employment and/or agency relationship in furtherance of the business interests of Defendants TruGreen Limited Partnership.

62. At all times relevant, Defendant Fegans was driving a truck owned by Defendants TruGreen with the express and/or implied permission of Defendants and was acting as their agent, pursuant to D.C. Code § 50–1301.08.

63. At all times relevant, Defendant Fegans, Defendants TruGreen's agent, was acting within the scope of his agency relationship under D.C. Code § 50–1301.08.

64. As the principal for Defendant Fegans, Defendants TruGreen is liable for the negligent acts committed by their actual agent, Defendant Fegans, in accordance with D.C. Code § 50–1301.08.

65. As the principal for Defendant Fegans, Defendants TruGreen Limited Partnership and is liable for the negligent acts committed by its employee and/or agent, Defendant Fegans.

66. As delineated above in Count I of this Complaint, Defendant Fegans had a duty of care to operate the vehicle he was driving in a reasonable, prudent, and safe manner.

67. As delineated above in Count I of this Complaint, Defendant Fegans committed the following breaches of his duties of care:

a) Failing to safely operate the vehicle under control and at a reasonable rate of speed;

b) Failing to keep a proper lookout;

c) Failing to pay full-time and attention;

d) Failing to avoid striking individuals on electric scooters;

e) Failing to obey traffic laws;

f) Failing to reduce speed to avoid a collision;

g) Failing to operate his vehicle at a reasonable and safe speed to prevent injury to others;

h) Failing to yield to oncoming traffic;

i) Failing to maintain control of his vehicle at all times;

j) Failing to operate his vehicle in accordance with the DC Rules of the Road; and

k) Failing to generally operate his vehicle in a safe, reasonable, and prudent manner.

68. The negligent actions of Defendants TruGreen Limited Partnership, and its employee/agent/servant Defendant Fegans described above were a direct and proximate cause of the subject collision and the damages described above and pled below.

**PLAINTIFF FINLEY'S DAMAGES**

69. As a direct and proximate result of all of the Defendants' conduct, and their actions and omissions as described above, Plaintiff Kaamilya Finley suffered two and a half years of immense physical pain resulting from serious bodily injuries before her tragic incident-related death, which were permanent and included extreme mental anguish, pre-impact fright, emotional distress, loss of sexual health, past medical expenses and past, present, and future lost wages and benefits, deformity, disfigurement, as well as past inconvenience, loss of enjoyment of life, embarrassment, and other related and attendant damages.

**DAMAGES**

**Wrongful Death Damages**
**(All Counts and All Defendants)**

70. Plaintiff re-pleads and incorporates by reference all paragraphs above and all Counts above of this Complaint fully as if the allegations were set forth fully herein and further states:

71. As a result of the breaches of duty and negligence of Defendant, Kaamilya T. Finley suffered grievous injuries, conscious pain and suffering, and ultimately died almost two and a half years later from her incident-related injuries.

72. Decedent Kaamilya T. Finley's right of action for wrongful death and negligent conduct against all Defendants survives in favor of Kaamar T. Eason, as Administrator of the Estate of the decedent.

73. Plaintiff Kaamar T. Eason, as Administrator of the Estate of Kaamilya T. Finley, brings claims and actions for the death of Ms. Finley under the District of Columbia Wrongful

Death Act, D.C. Code § 16-2701 *et. seq.,* on behalf of the Estate and on behalf of its beneficiaries, Kaamar Eason and J.F. (her minor child).

74. As a direct and proximate result of the negligence and wrongful acts of Defendants and the ensuing death of Kaamilya T. Finley, these beneficiaries have suffered the loss of advice, guidance and counsel of the decedent, and of her services, that decedent could have been expected to provide had she lived, and have lost the value of her care, education, training and personal advice. The decedent's estate and her heirs have lost the probable and future earnings, financial support, and all other economic and non-economic damages recoverable under the District of Columbia's Wrongful Death Act.

75. As a direct and proximate result of the negligence of Defendants, the Plaintiffs (Kaamar Eason and J.F.) have suffered and will continue to suffer sorrow, mental anguish, and loss of solace, including but not limited to society, companionship, comfort, guidance, kindly offices, and advice of the decedent, Ms. Finley.

**<u>Survival Action Damages</u>**
**(All Counts and All Defendants)**

76. Plaintiff re-pleads and incorporates by reference all paragraphs above and all Counts above of this Complaint fully as if the allegations were set forth fully herein and further states:

77. Plaintiff's claims for the death of Kaamilya Finley are also actionable under the District of Columbia Survival Statute, D.C. Code § 12-101 *et. seq.* These claims are brought pursuant to D.C. Code § 12-101 by the Plaintiff as Administrator of her Estate.

78. Decedent Kaamilya Finley's right of action for negligent conduct against all Defendants survives in favor of Kaamar Eason, as the Administrator of the Estate of the decedent, Kaamilya Finley.

79. As a direct and proximate result of Defendants' wrongful and negligent conduct, the decedent experienced bodily injury, disabilities, deformity, severe pain, suffering, physical disfigurement, humiliation, embarrassment, mental anguish, inconvenience, discomfort, emotional distress and all other categories of these actionable damages prior to her death.

80. In addition, decedent's estate lost the probable and future earnings, estate accumulations, and other economic and non-economic damages recoverable under the District of Columbia Survival Statute, D.C. Code § 12-101 *et. seq.,* including incurred medical bills, as well as funeral and burial expenses.

**AD DAMNUM**

WHEREFORE, Kaamar Eason as Personal Representative of the Estate of Kaamilya Finley, demands judgment of and against the Defendants in the full amount of $100,000,000, plus interest and costs from the date of decedent's injury and death, accordingly, or such other amounts as permitted by law.

**PRAYER FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all claims triable.

Respectfully submitted,

By: ______________________________
David E. Haynes
DC Bar Number: 483119

By: ______________________________
Timothy M. Whaley
DC Bar Number: 230346
The Cochran Firm

1666 K. Street, N.W.
Suite 1150
Washington, DC 20006
Telephone: (202) 682-5800
Fax: (202) 408-8851
dhaynes@cochranfirm.com
twhaley@cochranfirmdc.com
*Attorneys for Plaintiff*